Here ye, here ye, Mr. Honorable Appellate Court. The Second Judicial District is now back in session. The Honorable Chris Peltz and Mr. Kennedy will present. Good afternoon, everybody. Please be seated. Your Honor, the fourth and final case on the topic, is the case of 225-0330, Alvaro Mendoza, plaintiff's attorney, with Valerie Herzog, defendant's attorney. Arguing on behalf of the defense, Mr. Bresnik, and the defense. Arguing on behalf of the appellee, Mr. Brian C. Young. All right, Mr. Schmitz, you may begin when ready. If you need to adjust the microphone, please feel free. Good afternoon. Thank you, Justice Kennedy. Brenton Schmitz on behalf of the appellant, Alvaro Mendoza. May it please the Court. I want to begin very briefly by addressing a minor typographical error I noticed as I was preparing. On page 5 of my opening brief, I stated that the original complaint, the first attempted complaint filing in this case, was on September 12, 2022. That was actually September 12, 2024. I apologize for the error. This case arises out of a negligence action involving a rear-end motor vehicle collision. The plaintiff appellant in this case submitted a complaint to the clerk of the circuit court on the date of the expiration of the statute of limitations. That attempted filing was rejected by the clerk of the circuit court for four enumerated reasons. The caption on the document stated Cook County rather than Lake. The physical address of counsel did not match what Lake County had on record. A jury demand was included with the complaint. The clerk indicated that should be filed separately. And finally, a cover sheet was included with the filing. The clerk indicated that this was not needed. A corrected filing was made the same day of the rejection, the day after the expiration of the statute of limitations. That corrected filing was rejected by the clerk's office as a duplicative filing. Following the weekend, a third attempt at filing the complaint was accepted by the clerk's office. Defense counsel filed a motion to dismiss under Rule 619, arguing that the statute of limitations had lapsed at the time of the third accepted filing. The court agreed with that argument, dismissed the case. A motion to reconsider was filed, requesting relief under Illinois Supreme Court Rule 9. That motion was denied, and that is what brings us to the court today. I'd like to begin, as always, with the standard of review. The review of a denial of a motion for relief under Illinois Supreme Court Rule 9 is governed by the abuse of discretion standard. And that's the primary standard that I think that we're looking at here today. Of course, the granting of a dismissal under Rule 2, under 2619A is reviewed de novo. However, in this case, if the relief under Rule 9 is not granted, then it would necessarily follow that the dismissal of the complaint was proper under 2619. So in this case, what we're looking at is whether it was appropriate for the circuit court to deny relief under Rule 9, whether that determination was an abuse of the court's discretion. Counsel, was there an ROP, a report of proceedings? No, there was not a report of proceedings in this case. What we did submit was we submitted the transcript of the oral argument before the circuit court on the motion to reconsider. The Lake County Clerk's Office did not include that transcript in the original submission of the record. We filed a motion for that to be included. That motion was granted. Was it filed? That was filed, I believe, Justice McClaren. I could not tell you that. Well, we don't have, again, we don't have the transcript from the April 22, 2005 hearing on the motion to dismiss. Well, then I would have to review the reasons for that. My understanding is the motion was granted and that was to be considered part of the record. It was my understanding on the granted order from this Court granting that motion that it was to be considered part of the record. And I believe we also did include a copy of that in the appendix of our brief beginning on Tuesday. It's on page A97 of the appellant's opening brief. So in that argument, the circuit court considered whether or not to grant relief under Illinois Supreme Court Rule 9. The circuit court found no good cause. Illinois Supreme Court Rule 9, as I'll discuss in my argument, has been amended many, many, many times, five times in an 18-month period in 2024 and 2025. The version of Illinois Supreme Court Rule 9, in effect, and controlling this case, essentially contains two requirements for relief to be granted under Rule 9. The circuit court needs to find good cause. And in my opinion, there's an additional requirement that the rejection, that we need to consider whether or not the rejection by the clerk was in accordance with the Illinois Supreme Court's electronic filing rejection standards. In this case, the circuit court told us on the motion to reconsider that there was no good cause. The court said, and it's in the transcript, said essentially, if you had asked for this relief earlier, I probably would have found good cause. I would have granted it. It's my position that this was an error by the trial judge. The version of Illinois Supreme Court Rule 9 that was in effect and controls this case does not have any time requirement. There is no requirement in the rule for when relief must be sought under Illinois Supreme Court Rule 9. Under the version of Illinois Supreme Court Rule 9 that exists today, things are different. The good cause requirement is no longer there. There is no requirement that the party seeking relief under Rule 9 show good cause. The only real requirement is that a motion for relief under Rule 9 needs to be filed within five days of what a party views as an erroneous rejection by the clerk. Well, the trial court didn't say five days, right? No. The trial court did not say five days. The trial court indicated, and it's in the transcript, essentially, you're bringing this motion to us on the motion to reconsider months and months and months after the rejection. We did not discuss, to my recollection, the five-day requirement in the newest version of Rule 9. I'm not sure off the top of my head if that even existed at the time. The trial attorney had argued that the reason it took so long was because the actual date was not discovered. Is that what happened? Your client thought it was the 15th, and then the other side presented evidence that it was the 12th. My understanding, Your Honor, is that everybody knew it was the 12th. There's an affidavit in the record from the defendant confirming that it happened on the 12th. The demand letter and various other documents from the motions indicate that it was the 12th. So my understanding of the errant date of the occurrence was that that was a typo by the attorney who drafted the complaint. And we'll come to that toward the end of the argument in discussing the Relation Back Doctrine. As I mentioned earlier, Illinois Supreme Court Rule 9 has been altered or amended five times in an 18-month period between 2024 and 2025. The Illinois Supreme Court appears to be grappling with this question of Rule 9, of how do we deal with electronically filed documents that are perhaps correctly rejected by the clerk's office or perhaps erroneously rejected by the clerk's office. You know, I am just old enough to remember, and there are some attorneys now who are not old enough to remember, a time when you took your documents to the clerk's office and they were stamped and you always made sure to bring a pen with you because if the clerk noted any errors, you would correct them right there. This is not the world that we live in today. You know, in the world of electronic filing, no attorney is present to have a conversation with the clerk about whether or not a filing should be accepted or rejected, which is why the Illinois Supreme Court has given us the procedures of Rule 9 to correct what attorneys may perceive to be erroneous filings. I think the current version of Rule 9, the most recent version of Rule 9 that went into effect in August of 2025, I think largely resolves those issues. I don't think that the courts are likely to see continued recurrence of these Rule 9 issues. Certainly, if the current version of Rule 9 controlled this case, it would be a simple matter. Was a motion filed within five days of the rejection or not? And if so, relief would be granted because there would be no requirement for that good cause filing. However... Well, theoretically, the motion could be filed and rejected as well. That is possible. But you passed the five days, theoretically. Yeah. Which then I suppose would lead to a whole different argument of I file a document, it's rejected. I timely file a motion for relief under Rule 9, that's rejected. So then I file a motion regarding my second filing, and then does that dictate my first filing? Hopefully that won't be an issue. I certainly hope the courts will not have to deal with that and that won't occur. But that's not the issue in the case here. As a litigator, I believe that rules are important. Our work as attorneys and your work as justices is based around the structure given to us by statutes, by case law and Illinois Supreme Court rules. But as a litigator, I also want and I believe the Supreme Court wants and I believe public policy demands that cases be decided on their merits if it's possible to do so. So I believe that if there is a way to apply the rules that allows a court to reach the merits of a case, the court should do so and the court should apply the rules in that way. So in this case, I think it is telling that the trial court judge indicated in his discussion around good cause that the motion for relief under Rule 9 could have been granted, perhaps would have been granted, if it had been filed sooner, if it had been addressed sooner, when the version of Illinois Supreme Court Rule 9 in effect at the time did not contain any time requirement. There's no time requirement in that version of Rule 9 as to when that relief needs to be requested. When the trial court inserted that consideration into the determination of good cause, I believe the court erred. The determination of good cause, case law tells us, requires a review of the totality of the circumstances. But I don't believe the totality of these circumstances includes the timing of the filing of the motion when a later rule specifically addresses that question. So in this case, I believe the court should find that the trial court abused its discretion in denying relief under Rule 9 and should remand this case back to the circuit court with instructions to allow the case to proceed to the merits. The second argument we made in the case is with respect to the relation back doctrine. Justice Kennedy, you had a question about this earlier. So in the complaint that was originally attempted to be filed and then in the version of the complaint that was ultimately accepted by the clerk's office, the date of the occurrence, the date of the motor vehicle collision, is incorrect. It's off by three days. Obviously, that is a problem. If no motor vehicle collision occurred that day, then there could not possibly be a finding that the defendant was negligent. I think the Ole Miss Supreme Court has given us the answer to that already. In the Wolfe case, we see a situation where there was an error in plaintiff's complaint about the location of the intersection at which a motor vehicle accident occurred. And what the Wolfe case tells us is that where the defendant did have notice prior to the expiration of the statute of limitations of where that really occurred, then the complaint can be amended to reflect the correct location of the occurrence, and that should relate back. I would view this case through the same lens. In this case, there is no dispute that the defendant was aware of the date of the occurrence before the expiration of the statute of limitations. We have an affidavit in the record from the defendant confirming the defendant was aware of the correct date of the occurrence prior to the expiration of the statute of limitations. And so I see the relation back argument really as a direct application of the Wolfe case. You know, the only real difference between the Wolfe case and the case at bar is that the Wolfe case addressed the location of the occurrence, whereas this case addresses the date of the occurrence. But other than that, the facts and the analysis are functionally identical. So with that, again, I would request that the court remand this case to the circuit court with instructions to allow plaintiff to file an amended complaint with the correct date of accident and that that be considered to be timely filed and allow this case to proceed on the merits. So, counsel, on the timeliness, if one of the rejection bases for the clerk had been legitimate, are you saying that that would have tossed you out from the case? Does this case depend on the clerk having used illegitimate or improper bases for rejection? I don't think that it does, Justice Kennedy. I think that goes to the trial court's determination of what is or isn't good cause. And the trial court would need to look at exactly what the basis was for the clerk's rejection, whether or not that was included in the electronic filing rejection standards, or whether that was something else. And that would be part of the totality of the circumstances analysis the trial court would have to do in determining whether or not good cause exists. All right, counsel, you will have time for rebuttal. Thank you, Justice. And, Mr. Young, you may begin when ready. Thank you. Good afternoon, Justice Kennedy, Associate Justice. If it may please the Court, my name is Brian Young. I represent the defendant appellee here, Valerie Herzog. I think we need to start just right off the bat with, there was a complaint that was filed after the statute of limitations, undeniably. And what we know is that the plaintiff did not do anything to correct that until after a motion to dismiss was filed, despite receiving confirmation from the clerk that they got a file-stamped complaint after the statute of limitations ran. And I think just to cut kind of right to what I think is the big issue here, you heard from the appellant that Judge Ortiz, at the circuit court level, suggested that had a more timely file motion to non-quo talk the complaint, that maybe he would have considered granting it. But that is only half of what he said. Judge Ortiz also explained and agreed with my argument that I think takes this even further than the Kilpatrick case, which is that the incorrect date on the complaint, along with the conduct or the course of conduct by the plaintiff and appellant, suggests that they legitimately thought that September 15 of 2022 was the date of loss because that puts the date that they timely filed this complaint on a Sunday. And when it came back file-stamped, September 16 of 2024, that would have been appropriate. There would have been no error to have to correct if that was the case. And Judge Ortiz accepted that argument as an additional element when he determined that there was no good cause shown by the plaintiff for backdating their untimely filing. And what he concluded, and it's in the record, is that by not doing anything, there is a reasonable presumption that they thought that the date of loss was a couple days after the actual date that it happened and that their conduct was correct, meaning that they started the process of filing a couple days before they thought the statute was going to run. They had some rejections that they fixed. It was ultimately filed and accepted, filed on the 15th, which was a Sunday, and then accepted on the 16th, which would have been correct. And that fact alone, in my opinion, and I believe it should be the opinion of the court, brings this beyond the Kilpatrick case, which is otherwise directly analogous to the case that is before Your Honors. Kilpatrick was a situation where an attorney made a single error on a filing. She contended it was a Scribner's error, and the court disagreed and said, listen, Lake County filing system has been in place for several years now. This is distinguishable from the Davis case where an even lesser error was committed when e-filing had only been around for a couple of weeks. The judge in the Davis case had said that the error was most likely due to an imperfect e-filing system. When the court in Kilpatrick considered that, they looked back and said, listen, this system has been in place for several years now, and we're going to charge our attorneys with the responsibility of knowing how to file and using the e-filing system. In Kilpatrick, that attorney only committed one error that caused it to be rejected by the clerk. Something that I think arguably may not have been appropriate, but of course the trial court thought it was. Here, the plaintiff appellee made four different errors that caused it to be rejected by the clerk, and I don't really think it matters all that much whether the clerk was right or whether the clerk was wrong because the clerk had a legitimate basis for rejecting these, and it then becomes incumbent upon the attorney to correct those errors in a sufficient amount of time to comply with one of the most basic rules that exists in our system of litigation, which is the statute of limitations. What I also think needs to be echoed is every case that was cited by the plaintiff, by myself, the appellant and the appellee all remind us that you risk your own, it is to your own peril if you choose to wait until the last day of the statute of limitations to file for these exact reasons, and that is why there was initially a good cause standard. That is why it then becomes incumbent upon the litigants to try to undo or fix the mistakes they made. Obviously, if you file two weeks before the statute, a month before the statute. Well, you wouldn't disagree that there could be some legitimate reason the client came to you at the last minute, etc. There could be a basis for filing on the last day, right? It is allowed. Of course. So, if it is allowed on the very last day, what authority does the clerk have to reject, other than the electronic filing rejection standards that were in place on September 1 of 2024? I'm not sure that there are or are not, and what I believe happens is it then becomes incumbent on the litigant to… Your statement was that it doesn't matter, right? If the clerk is wrong, that that is on the filer rather than the clerk. So, that raises some other issues that I'm not sure you want raised. I mean, let's just hypothetically say a clerk just doesn't like the attorney and says, I'm going to ding this thing at midnight and then put him past the deadline. And, yeah, now he's got the five-day saving window. But under the old scheme, that's an improper basis, right? To what extent is that on the filer rather than on the clerk? I think that's a good question. And, unfortunately, I think the answer to that question has been solved by the Supreme Court in removing the good cause standard, taking the subjective component out of it, and, again, just placing the responsibility on the litigant to file the appropriate motion within an appropriate time frame. It seems that the clerk's role is purely ministerial, is it not? Yeah, I would agree. So, there's no discretion by the clerk to exercise here? I don't believe that there is. I mean, obviously, I don't think any of us know the exact in and outs. I don't know that we've been trained on working the e-filing system from the back end. But my guess is that they have a system that flags or just red flags issues, and then they send it back. It's probably somewhat automated.  They're not lawyers, generally, who are actually doing this review. But the cook versus lake in the heading, that's an obvious typo, right, because it says lake elsewhere. If that was the sole basis, are you saying that that's tough, that filers out a lot? I think it's still a violation of the electronic filing standards because I have cases all the time where attorneys intentionally file cases in Cook County that clearly are venue or should be venue in DuPage or King County, and they just put it on the defense attorneys to file that motion. And so, in this particular instance— Well, but that's not the clerk's role. The clerk is not looking for whether the venue is proper. The clerk is just looking to see 22, right? The circuit clerks have 22 rules or what are they called, standard, rejection standards. So they're just looking for one of the 22. Or more than one. Yes, I agree. And I guess I feel like, Justice Kennedy, maybe I'm misunderstanding what you're trying to get at, but it seems to me that what you're saying is maybe counsel is right. This was submitted to the right court, so why did the clerk reject it? And what I'm saying is I don't think we know that. I have attorneys that have every other component of a complaint indicating that an accident happened in a county where it should be filed, and then they put a Cook County caption on it and file it in Cook County. And they do that intentionally. And here, there's no reason for anybody to know whether that was a complete clerical error, a half-clerical, half-intentional error. Maybe they intended to file it in Cook and expected us to move venue back up to Lake. I don't know. What I do know is that there is a rule, electronic filing standard, that says you can't submit a document to the wrong court. They had a caption that suggested that maybe they were filing to the wrong court, and it was rejected, which then puts it back on the litigant to fix the problem in a timely manner or demonstrate good cause for backdating an untimely complaint, which I think the plaintiff appellant has failed to do here. All right. It just seems that there should be some – I mean, and it seems like you're also asking us to essentially make this such a bright line that the conduct of the clerk is utterly irrelevant. If it's rejected by algorithm or by a person, right or wrong doesn't matter, and I'm not sure that's what you really need us to say here. But that seems to be what you're asking for, and I think that's problematic or certainly potentially problematic because the old days you'd take a piece of paper to the clerk, file stamp it. If it has the cover sheet and a check, it could be complete gibberish, and pro se litigants might not have the correct heading or other things, and it's still filed and accepted because the clerk is not reviewing the substance of what is filed. So is that now different? I mean, the clerk seems to be, in your formulation, inserted here as a gatekeeper of the quality of the submission. I believe that evaluating what the clerk did or did not do here is why we look at the trial court's decision to deny or to grant the motion to dismiss and deny the motion to reconsider, why we're looking at that at an abuse of discretion. I'm not sure the court had considered the basis for the rejection and whether or not it's within one of the 22 standards. I believe that the clerk did, and I believe they rejected that argument because the judge agreed with my argument that the use of the improper date in the complaint coupled with conduct that suggested that they thought the statute of limitations, that the accident happened on September 15th of 2022, and actually they then filed it consistent with that date in mind, gives rise to a reasonable inference that they actually thought the complaint was time to file. So they misunderstood their own case, and therefore it's not good cause. I believe that that is what the clerk... So the court reasoned, and you're saying that's within their discretion to have reasoned. That is, yes. That is how I would take this argument. Yes, I would. It's a glaring mistake. The date that they put in there, it is. Yes, it's a glaring mistake. And just so the court is clear, in the record before you, there is absolutely no affidavit from anybody on the plaintiff repellent side citing that as a mistake. I mean, they argue it in passing that it was a mistake, but there's nothing with an attorney's name, there's nothing signed and notarized that says... That they were given the wrong documents with the wrong date. Yeah, I mean, I agree that they're... In filing the motion to dismiss, I had to point out that it was pretty obvious that this was the wrong date, but that doesn't mean that they... That doesn't mean that it was just a scrivener's mistake to them. Again, there is other conduct that you can consider that raises a reasonable inference that they actually thought that the date of accident they had in their complaint was correct and were proceeding as though that was the correct date. And if that's the case, again, this brings us even beyond Kilpatrick. And I think Kilpatrick is directly analogous to this case because there were multiple errors committed by the clerk. But if you consider as well that Judge Ortiz, in denying or granting the motion to dismiss and denying the motion to reconsider, found that there was conduct by the plaintiff appellee to suggest that they felt that the date of loss was actually September 15th of 2022, such that the statute of limitations was going to run on September 15th, 2024, supports his decision not being an abuse of discretion. And that is why I believe that Your Honor should affirm that decision here today. So if on the date it was filed, that was the 12th, right? And so if it had been accepted, obviously that would have been timely. Yes. All right. And so it's the rejection by the clerk that triggers this whole thing. And so as I understand it, maybe I'm incorrect, but as I understand it, part of their good cause argument is the basis for the rejection. What's your response to that? The basis for the rejection, the base ease for the rejection not being one of the standards. I believe that the clerk probably rejected their complaint on the 12th because there were several errors. Under which of the standards? Which of the 22 standards were violated? I detail those in my brief. The complaint was probably rejected because the attorney address did not match the address that was on file with the Lake County Clerk's Office, and this is also a violation of Lake County local rules. The failure to include, that's one. So I'm just looking here. The rejection reasons don't include that. It doesn't say anything about the... The 17th, if I may, I understand that my time is up, and so if I could answer your question.  The 17th standard listed under the electronic filing rejection standard is a violation of local rule requirement. That's multiple documents, though. 17 is multiple documents submitted as one document? Is that what you're referring to? It is. Maybe I have the rule incorrect in my brief. There are three other basis that the clerk rejected it. I do believe there is a local rule requirement, and I have to refresh myself with the electronic filing standards, but I thought I had that correct, but it was my understanding that one of the electronic filing rejection standards is a violation of a local rule requirement. There were three other basis, though, that the clerk rejected it, including the fact that it was included the wrong county name on it, that it included a jury demand, which was attached as a lead document, which should not have been attached as a lead document, and then there's a catch-all provision that indicates that the clerk has authority to reject the filings, if there are any of those reasons or others that they deem reasonable. And, again, I think the fact of the matter is that they did reject it, and the plaintiff did not do anything to correct that error. And under any standard, I believe that it should be rejected, and that's why I believe the decision of the trial court should be affirmed. Thank you. Counsel, is there anything you wish to comment about the fact that the transcript wasn't filed of the hearing, but rather a transcript or a report of the motion to reconsider? I don't believe we had a court reporter for the motion to dismiss, and so I believe that it is just the order on the motion to dismiss that is before Your Honor in the record. I don't believe that there was a— Was there ever any discussion about a bystander's report? Not that I'm aware of, Judge, no. The motion to reconsider has really reiteration of the arguments that were made beforehand, right? In my personal opinion, there was absolutely nothing addressed at the motion to dismiss that was not covered in great detail at the motion. The motion to reconsider was a very lengthy argument, and I think both litigants did a good job getting the issues before the court. All right. Thank you, Counsel. Well, I have one follow-up. So what you're saying is there's no forfeiture based upon the fact that we're looking at a transcript other than the original hearing? Correct. Not from my perspective. Okay. Thank you. All right. Mr. Jonetz, you may argue your rebuttal. Thank you, Justices. I want to take the arguments in order that my opponent made them. So the first thing to talk about is the statute of limitations. As this Court is aware, I think as all courts are aware, statute of limitations is not an absolute bar to an action. Statute of limitations is an affirmative defense to be raised by a defendant. So in this case, I would argue that there was no need to correct the filing until the statute of limitations was raised as an issue. The defendant in this case did not file an answer. Defendant filed their motion to dismiss. It was their first filing beyond the initial appearance on February 21st, 2025. That was when the affirmative defense of the statute of limitations was raised for the first time. So I would say that's the appropriate time to start thinking about correcting that error in the filing. Counsel, it sounds like you're saying that if a tree falls in the forest, it doesn't make a sound. I don't think I'm saying that, Justice McClaren. I think what I'm saying is if the tree falls in the forest, it is un- It only makes a sound if somebody objects. I think that's fair. It only makes a sound if somebody objects to it because the statute of limitations is an affirmative defense. I think the argument would be different if we were talking about something other than an affirmative defense, something that is an absolute bar to an action on its face. But your report implies that there is a point in time when, if enough time passes before the objection is raised regarding the failure to file within the appropriate time, that that can be forfeited. And I would probably accept that argument if that argument was raised after judgment had been entered in your favor, or maybe 30 days after the judgment was entered in your favor, or maybe 30 days after a motion to reconsider, or after the denial, or whatever. The point seems to be that if something is outside, filed outside the statute of limitations, that I don't think the rule was designed to tack on an extra five days to the statute of limitations. Do you see where I'm coming from when I say five days to fix? I do, Justice McClaren. You're talking about the newer version of Illinois Supreme Court Rule 9. So I think what we're doing here, I believe what we're doing, I think we may be confusing two issues. We may be confusing the Rule 9 issue with respect to the date of the filing with the relation back argument. I view those as two separate arguments. So with respect to the relation back argument, once the affirmative defense was raised, then that would be the appropriate time to address that relation back issue. I do want to talk about Kilpatrick. There was a lot of discussion of Kilpatrick in the argument. I want to note, I think Kilpatrick was a well-written decision. Justice Mullen on this panel authored it. Justice Burkett, I know you signed off on it. I think there are two big differences between this case and Kilpatrick. Number one is, as discussed, the electronic filing rejection standards did not exist at the time Kilpatrick was decided. The second, I think, is an important bit of context. The Kilpatrick decision was issued by this court and published November 7, 2023. The first of the five amendments to Illinois Supreme Court Rule 9 started on January 31, 2024, just a few months later. And so I think I would view the amendments to Illinois Supreme Court Rule 9 to be an attempt by the Illinois Supreme Court to address for the future the harsh result that was given to the claimant in the Kilpatrick case. I would view that as a catalyst to what the Supreme Court was trying to do in amending Rule 9 and prevent those issues from recurring in the future. And as we've said, I think it's taken a few attempts, but I think we're there now. The second thing I want to talk about very, very briefly is, you know, Justice Kennedy, you had discussed, you know, the role of the clerk as being ministerial in nature and not having discretion. I think that's the problem that the Supreme Court is trying to deal with and trying to correct. You know, as a practicing litigator, my perception of the filing clerk's role is they are to take my documents, make sure I'm paying the correct amount, and anything else should be up to a judicial officer to determine, not somebody on the clerk's staff. Thank you, Justices. All right. Thank you, Counsel. All right. I want to thank both counsels for the arguments and presentation of the case. We will consider it and issue a ruling in due course. And we will adjourn for the day.